IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZACHARY CLOSE,

      Plaintiff,

CA. NO. 20-11871

ARS aka ACCOUNT RESOLUTION SERVICES
aka HRRG, LLC aka HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

INPHYNET SOUTH BROWARD, LLC

TRANS UNION, LLC,

EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC.

      Defendants.

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by the plaintiff, Zachary Close for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00.

### JURISDICTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00.

2. This Court has jurisdiction of the FCRA and FDCPA claims under 15 U.S.C. §§1681q, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Plaintiff's c. 93A claim is subject to this Court's

supplemental jurisdiction because those state law claims are part of the same controversy pursuant to 28 U.S.C. §1367(a).

3. Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Plaintiff resides in this District, Plaintiff suffered damages in this District, one or more of the Defendants regularly conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in Massachusetts.

4. Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

5. Plaintiff is a natural person currently residing in Brookline, Massachusetts and is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c), the FDCPA 15 U.S.C. §1692a(3) and c. 93A, §9.

6. Defendant ARS aka Account Resolution Services aka HRRG, LLC aka Healthcare Revenue Recovery Group, LLC ("ARS") is a foreign registered limited liability company. ARS is a "furnisher of information" to credit reporting agencies as referenced in the FCRA, 15 U.S.C. §1681s-2b(a) and (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions.

7. ARS is engaged in the collection of debts from consumers using the mail and telephone in Massachusetts. ARS is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

8. Defendant Inphynet South Broward, LLC, ("ISB") is a foreign limited liability company. ISB attempted to collect an alleged debt from Plaintiff when he resided in Brookline, Massachusetts through its agent ARS. ISB is a creditor pursuant to M.G.L. c. 93A and the Attorney General's regulations thereunder, 940 CMR 7.00, et. seq.

9. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation. Experian is a "consumer reporting agency or CRA" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

11. Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

12. Defendants Equifax, Experian and Trans Union disburse such consumer reports to third-parties under contract for monetary consideration.

## FACTS

13. Upon information and belief, Defendant ARS was reporting to Defendants Equifax, Experian and Trans Union that Plaintiff had an open medical collection account owed to ISB for $455 from a date of service of April 17, 2017. ARS has reported this debt in its own name rather than in the name of the creditor, ISB.

14. This information was inaccurate as Plaintiff had disputed owing the debt to ARS and had no balance owed to ISB.

15. Plaintiff had requested the bills and statements from ARS and ISB.

16. ISB mailed Plaintiff two different letters, both showing a zero balance.

17. Upon information and belief, Plaintiff had paid ISB and does not owe ARS any money. Despite the fact that there was no balance owed, ISB referred this account to ARS for collection. ARS was at all times acting as the agent of ISB.

18. Upon information and belief, ARS sent dunning letters and/or made phone calls to Plaintiff in an attempt to collect on this paid account.

19. ARS's attempt to collect on an alleged debt that was not owed was in violation of 15 U.S.C. §1692e(2)(A).

20. Plaintiff repeatedly notified Defendants Equifax, Trans Union and Experian, that they were reporting inaccurate credit information in his credit reports. Plaintiff's request to the Equifax, Trans Union and Experian were requests for reinvestigation of the information that was inaccurate.

21. Plaintiff included in his disputes copies of his medical bills that showed an account balance of zero and an explanation of how he does not owe any thing on this collection account.

22. Upon information and belief, Defendants Equifax, Trans Union and Experian using their normal practices, communicated Plaintiff's dispute to ARS and represented to ARS that Plaintiff claimed the debt was not owed.

23. Plaintiff sent a total of three disputes to each of Defendants Equifax, Trans Union and Experian from December 2019 to May 2020.

24. ARS had obligations under the FCRA, industry standards established by the Credit Data Industry Association, and upon information and belief, their contract with the three CRAs to conduct reasonable reinvestigations of Plaintiff's dispute.

25. Upon information and belief, ARS failed to conduct a reasonable investigation.

26. Upon information and belief, ARS never contacted any witnesses to find what they knew about the account not being owed.

27. Defendants Equifax, Trans Union and Experian failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681i.

28. Defendants Equifax, Trans Union and Experian also failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports as required by 15 U.S.C. §1681e(b).

29. ARS failed to follow reasonable procedures upon receipt of Plaintiff's dispute from

Defendants Equifax, Trans Union and Experian, and ARS failed to conduct a reasonable investigation of Plaintiff's dispute despite its requirements under 15 U.S.C. §1681s-2(b).

30. ARS reporting the collection account to the credit bureaus which it knows or should have been known to be false was in violation of 15 U.S.C. §1692e.

31. Defendant Equifax never properly responded to Plaintiff's written disputes.

32. Defendant Experian responded on February 27, March 6 and June 22, 2020 to Plaintiff's dispute that ARS had verified the information reported related to the inaccurate collection account.

33. Defendant Trans Union responded on January 23, March 1 and June 24, 2020 to Plaintiff's dispute that ARS had verified the information reported related to the inaccurate collection account.

34. Upon information and belief, Defendants Equifax and Experian did not respond to Plaintiff's December 2019 written dispute.

35. Equifax responded on February 7, 2020 to Plaintiff's second dispute from January 2020 that the information was not currently on their file, when in fact Defendant ARS was reporting.

36. Equifax responded on June 4, 2020 to Plaintiff's third dispute from May 2020 that they needed more information to verify Plaintiff's address. Plaintiff provided the information, yet never heard a response back from Equifax.

37. Plaintiff alleges that one or more of the three major credit bureaus provided notice of Plaintiff's dispute to ARS. Despite having been put on notice that the account was previously paid and not owed, ARS continued to report to the credit bureaus that the medical account was still owed and in collections and when asked by the credit bureaus to verify the debt, ARS willfully, negligently and incorrectly verified in a manner which has negatively affected the Plaintiff's ability to obtain credit.

38. By verifying the debt to the credit reporting agencies, ARS knowingly provided false information to the credit reporting agencies.

39. On or around August 7 and September 10, 2020, Plaintiff made a demand for relief to

ISB and ARS pursuant to M.G.L. c. 93A, §9.

40. ISB received the demand but never responded to his demand letter.

41. ARS responded to Plaintiff's demand letter on September 10, 2020 but simply reasserted its attempt to collect and failed to make a reasonable offer of settlement.

42. As a result of Defendants' conduct, actions and inaction, Plaintiff suffered actual damages in the form of denial of credit and/or adverse credit action as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

43. Defendants' conduct, actions and inactions were willful.

## COUNT I – FCRA

### 15 U.S.C. §1681o (Experian, Equifax and Trans Union)

44. Plaintiff re-alleges and incorporates by reference the above paragraphs.

45. Defendants Equifax, Trans Union and Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

46. As a result of Equifax, Experian and Trans Union's negligent violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

47. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

48. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681o(b).

## COUNT II – FCRA

### 15 U.S.C. § 1681n (Experian, Equifax and Trans Union)

49. Plaintiff realleges and incorporates by reference the above paragraphs.

50. Defendants Equifax, Experian and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

   b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

51. As a result of Equifax, Experian and Trans Union's willful violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

52. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

53. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

54. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

COUNT III – FCRA

15 U.S.C. § 1681o (ARS)

55. Plaintiff realleges and incorporates by reference the above paragraphs.

56. On information and belief, Plaintiff alleges that the Equifax, Experian and Trans Union notified ARS of Plaintiff's disputes. ARS negligently failed to conduct a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. §1681s-2(b), and failed to permanently delete information which was inaccurate, incomplete, or which could not be verified. As a result of its investigation, ARS continued to report false, derogatory information and allowed the dissemination of this false information to third parties.

57. As a result of ARS's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation,

invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages to be determined by a jury.

58. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

## COUNT IV – FCRA

## 15 U.S.C. § 1681n (ARS)

59. Plaintiff realleges and incorporates by reference the above paragraphs.

60. On information and belief, Plaintiff alleges that Equifax, Experian and Trans Union notified ARS of Plaintiff's disputes. ARS willfully failed to conduct a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b), and failed to permanently delete information which was inaccurate, incomplete, or which could not be verified. As a result of its investigation, ARS continued to report false, derogatory information and allowed the dissemination to third parties.

61. As a result of ARS's violations of the FCRA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all his damages to be determined by the jury.

62. Plaintiff is entitled to punitive damages in amount to be determined by the jury.

63. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

## COUNT V – M.G.L. c. 93A

## (ARS and ISB)

64. Plaintiff realleges and incorporates by reference the above paragraphs.

65. As detailed above, ARS and ISB have violated M.G.L. c. 93A, §2.

66. ARS violated the FDCPA which is a per se violation of M.G.L. c. 93A.

67. ARS reported the alleged debt to the CRAs in its own name rather than in the name of the creditor, ISB, in violation of 940 CMR 7.07(21).

68. ISB is a creditor defined by 940 CMR 7.03.

69. The account at issue is a debt defined by 940 CMR 7.03.

70. As detailed above, ISB has violated M.G.L. c. 93, §49 by collecting a debt in an unfair or unreasonable manner and/or communicating with the Plaintiff in a harassing manner and threatening action which it could not take i.e. collecting on current accounts.

71. A violation of M.G.L. c. 93, §49 is a per se violation of c. 93A. M.G.L. c. 93, §49.

72. As detailed above ISB's actions also violated 940 CMR 7.07(2), (6), (8) and (11).

73. As set forth above, the conduct of ARS and ISB occurred in trade or commerce.

74. The conduct of ARS and ISB was willful and/or knowing within the meaning of M.G.L. c. 93A, §9.

75. The alleged debt was primarily for personal, family, or household purposes.

76. As set forth above, the conduct of ARS and ISB was unfair and/or deceptive, for attempting to collect on an alleged debt that was not owed.

77. Plaintiff has suffered damages as a result of ARS and ISB's conduct including but not limited to being dunned for a debt he did not owe, being misled about his legal rights, frustration and emotional distress, has incurred attorneys' fees and has been damaged as a result of these practices.

78. ARS and ISB refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

79. As a result of the above violations of state law, ARS and ISB are each liable to Plaintiff in the sum of his actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

COUNT VI – FDCPA

15 U.S.C. § 1692 et seq. (ARS)

80. Plaintiff re-alleges and incorporates by reference the above paragraphs.

81. Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

82. A single action on the part of the debt collector can violate multiple sections of the

FDCPA.

83. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

84. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 et seq. including, but not limited to the following:

    a. Misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Communicated credit information which was known or should have been known to be false in violation of 15 U.S.C. §1692e(8).

85. As a result of ARS's violations of the FDCPA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all his damages to be determined by the jury.

63. Plaintiff is entitled to actual damages, statutory damages and costs and attorney fees, pursuant to 15 U.S.C. §1692k.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief:

    a. Actual damages in an amount to be determined by the jury; and

    b. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Statutory damages as determined by the Court; and

    d. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief:

        a.    Actual damages in an amount to be determined by the jury; and

        b.    Attorney fees and costs.

4.    On Plaintiff's Fourth Claim for Relief:

        a.    Actual damages in an amount to be determined by the jury;

        b.    Punitive damages in an amount to be determined by the jury;

        c.    Statutory damages as determined by the Court; and

        d.    Attorney fees and costs.

5.    On Plaintiff's Fifth Claim for Relief:

        a.    Actual damages in an amount to be determined by the jury;

        b.    Punitive damages in an amount to be determined by the jury; and

        c.    Attorney fees and costs.

6.    On Plaintiff's Sixth Claim for Relief:

        a.    Actual damages in an amount to be determined by the jury;

        b.    Statutory damages as determined by the Court; and

        c.    Attorney fees and costs.

7.    Trial by jury is requested.

Dated this 19th of October, 2020

                                            Respectfully Submitted,

                                            **Zachary Close,**
                                            By his Attorneys**:**

                                            /s/Elizabeth A. Miller
                                            Elizabeth A. Miller
                                            BBO #559347
                                            176 Federal Street
                                            5th Floor
                                            Boston, MA 02110
                                            617-478-4914
                                            elizabethamiller@comcast.net

Matthew P. Cook, pro hac vice forthcoming/pending
Cook Law, LLC
2885 Sanford Ave SW #42270
Grandville, MI 49418
Phone:  314-200-5536
Email:  Cookmp21@yahoo.com


Justin M. Baxter, pro hac vice forthcoming/pending
Baxter & Baxter, LLP
8835 SW Canyon Lane, Ste 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
justin@baxterlaw.com

Attorneys for Plaintiff