UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZACHARY CLOSE,
        Plaintiff,

v.

ARS aka ACCOUNT RESOLUTION SERVICES aka HRRG, LLC aka HEALTHCARE REVENUE RECOVERY GROUP, LLC, INPHYNET SOUTH BROWARD, LLC, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,
        Defendants.

CIVIL ACTION NO. 1:20-cv-11871

## AMENDED STIPULATED PROTECTIVE ORDER

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.

This is a civil action for damages by plaintiff Zachary Close ("Plaintiff") against defendants ARS aka Account Resolution Services aka HRRG, LLC aka Healthcare Revenue Recovery Group, LLC, (hereinafter referred to as "ARS") and Inphynet South Broward, LLC (hereinafter referred to as "Inphynet") (collectively referred to as "Defendants")[1] pursuant to the Fair Debt Collection Practices

---

[1] Plaintiff has settled his claims as to defendants Trans Union, LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., and they are not party to this stipulated protective order.

1

Act ("FDCPA"), 15 U.S.C. §1692, et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00.

The parties expect to exchange documents and information relating to confidential personal, business, proprietary, or financial information. Such information and documents include, but are not limited to, Plaintiff's confidential personal identifying information and medical records. Such information and documents include, but are not limited, to Defendants' policies and procedures regarding billing, collection, and credit reporting which are confidential, proprietary, and trade secrets. The parties agree that the entry of this Amended Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. This includes, that a party may designate as "Confidential" documents or

discovery materials produced by a third party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Notwithstanding any provision to the contrary herein, the following documents or information of a party or non-party, in whole or in part, obtained through discovery shall conclusively be deemed "confidential" and no prior written designation of confidentiality shall be required: social security numbers, taxpayer identification numbers, all state, federal, or county tax returns of any kind, financial institution records, including but not limited to all bank, credit union and brokerage accounts, loan applications, and all financial statements for individuals and any entity ("Presumptively Confidential Material"). If a party discovers that it has received Presumptively Confidential Material that was not labeled "Confidential," it must notify the producing party within one business day to allow the producing party to reproduce the document(s) that contains such material. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential although a document may lose its confidentiality status if it is made public. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

5. Any party desiring or intending to file with the Court any Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality

beyond a mere designation of confidentiality under this order. A party seeking to file a document under seal must provide specific reasons for the request.

6. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or authorized agent/representative of a party, including insurers, of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

    i. Witnesses (including persons described in paragraph 7(f) above).

7. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 6(d) or 6(i) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

8. The following parties, through their respective counsel, shall have remote, electronic access to any documents marked "Confidential" pursuant to this Protective Order: Plaintiff, ARS, and Inphynet.

9. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

10. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

11. Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential

or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

12. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

13. All "Confidential" information shall remain the sole and exclusive property of the party who provided such information, and nothing in this Order, or any course of conduct between the parties shall be deemed to grant to the party in possession of the other party's "Confidential" information any license or rights in or to said "Confidential" information, or any part thereof. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. Production of any material that discloses attorney-client privileged or work product doctrine protected information, or information subject to some other privilege protection ("**Privileged Material**") shall not constitute a waiver of such privilege or protection. If the producing party notifies the recipient in writing that the producing party produced Privileged Material, the recipient shall promptly return, sequester, or destroy the specified Privileged Material and any copies it has; must not

use or disclose the Privileged Material until the claim is resolved; must take reasonable steps to retrieve the Privileged Material if the party disclosed it before being notified; and may promptly present the Privileged Material to the Court under seal for a determination of the claim. If a party discovers a document that appears on its face to be Privileged Material, that party shall promptly notify the producing party, so that the producing party may determine whether to make a notification pursuant to this paragraph.

   a. Counsel for the producing party shall maintain unaltered copies of all Privileged Materials returned pursuant to this provision, and the return of such materials is without prejudice to any substantive right to challenge the privileged or protected status of the materials.

   b. The parties further agree that such material may not be used in this proceeding or in any other action or proceeding unless otherwise ordered by the Court.

   c. The party in receipt of produced Privileged Material may contest the privilege or work product designation by the producing party and, if contesting, shall give the producing party written notice of the reason for the disagreement within ten (10) days of the notification contemplated in paragraph 14 above. In that instance, the party in receipt of produced Privileged Material shall, within ten (10) business days from the notification contemplated in paragraph 14 above, move the Court (or an appointed discovery master) first for leave to file that material under seal with the Court, and second, within five (5) business days of the Court's order regarding the proposed sealing of documents, move to compel disclosure of the Privileged Material . The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. Pending resolution of the motion to seal and motion to compel disclosure, the receiving party shall not use the challenged information in any way or disclose it to any party or non-party, other than those required by law to be served with a

copy of the motion to seal and/or motion to compel disclosure. The party asserting the privilege or protection retains the burden of establishing the privileged or protected nature of the Privileged Material.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. Nothing in this Order shall prevent the parties from entering into other confidentiality agreements or obtaining other protective orders by stipulation or otherwise.

17. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial; provided, however, that prior to trial the parties shall work together in good faith to propose a stipulated protective order for the Court's approval that shall govern the use of confidential information at trial. If the parties are unable to agree on any such protective order, either party may move the Court for a protective order pursuant to the deadlines set forth in the Court's pretrial order.

18. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

19. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

DATED this 7th day of June, 2021.

So stipulated:

| | |
|---|---|
| /s/Elizabeth A. Miller | /s/John J. O'Connor |
| Elizabeth A. Miller | John J. O'Connor |
| BBO #559347 | BBO #555251 |
| 176 Federal Street | Peabody & Arnold LLP |
| 5th Floor | Federal Reserve Plaza |
| Boston, MA 02110 | 600 Atlantic Avenue |
| 617-478-4914 | Boston, MA 02210-2261 |

elizabethamiller@comcast.net

Matthew P. Cook, pro hac vice
Cook Law, LLC
2885 Sanford Ave SW #42270
Grandville, MI 49418
314-200-5536
Cookmp21@yahoo.com

Justin M. Baxter, pro hac vice
Baxter & Baxter, LLP
8835 SW Canyon Lane, Ste 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
justin@baxterlaw.com

*Attorneys for Plaintiff*

Tel. (617) 951-2100
Fax. (617) 951-2125
joconnor@peabodyarnold.com

*Attorney for Defendants ARS and Inphynet*

The Court has reviewed the reasons offered in support of entry of this Amended Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Amended Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: June 16, 2021

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE