UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZACHARY CLOSE,<br><br>        Plaintiff,<br><br>v.<br><br>ARS aka ACCOUNT RESOLUTION SERVICES aka HRRG, LLC aka HEALTHCARE REVENUE RECOVERY GROUP, LLC, INPHYNET SOUTH BROWARD, LLC, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:20-cv-11871 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM DEFENDANTS ARS AND INPHYNET**

**INTRODUCTION**

Zachary Close filed this action on October 19, 2020 against ARS aka Account Resolution Services aka HRRG LLC aka Healthcare Revenue Recovery Group, LLC ("ARS"), Inphynet South Broward, LLC ("Inphynet"), Trans Union, LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and M.G.L. c. 93A. The claims against the three credit reporting agencies have been settled with a stipulation of dismissal filed on May 4, 2021 (Doc. 40). Discovery has proceeded against the remaining Defendants, ARS and Inphynet (collectively "Defendants").

This case arises out of the persistent collection and false credit reporting of a paid medical bill by the creditor Inphynet and its debt collector ARS despite the fact that Inphynet had told Mr. Close that he had no further balance on the account and owed nothing. Nevertheless, ARS and Inphynet continued to collect the account and slandered Mr. Close's credit with false reporting to the national credit reporting agencies. As a result, Mr. Close was denied credit on multiple occasions and had no alternative but to bring this action in federal court.

Through discovery, Defendants have produced some minimal information, but lodged unsupported boilerplate and other objections and continue to withhold critical information without justification. As of the date of this motion, Defendants have not provided amended or supplemental discovery responses or documents, or responded to multiple entreaties by Plaintiff's counsel for a meet and confer date. Defendants' objections are baseless. They should be compelled to provide appropriate responses to Plaintiff's interrogatories and document requests.

**ARGUMENT**

**I.     Summary of Allegations, Relevant Law and Plaintiff's Efforts To Obtain Discovery**

The Complaint alleges that Inphynet tried to collect a paid medical bill of $455 from Mr. Close and referred it to a debt collector, ARS. ARS reported the debt to Equifax, Trans Union and Experian as a delinquent debt, damaging Mr. Close's credit and causing him to be denied credit and suffer other damages. Mr. Close requested bills and statements from ARS and Inphynet. Inphynet mailed him two different letters, both showing a zero balance. In addition to disputing the validity of the bill directly to ARS and Inphynet, Mr. Close sent a total of three disputes each to Equifax, Trans Union and Experian which were forwarded to ARS, and ARS falsely "verified" the information as accurate each time.

Based on the above, Mr. Close asserted claims against ARS for negligent and willful

violation of the furnisher provisions of the FCRA, 15 U.S.C. § 1681s-2(b), (Counts III and IV); violation of the FDCPA (Count VI); and against ARS and Inphynet for violation of c. 93A (Count V).

Pursuant to the FCRA, upon receipt of a dispute notice from a consumer reporting agency, a furnisher like ARS must conduct an investigation, review all documents provided by the agency, report the investigation results, correct any inaccurate information with other agencies and modify, delete or permanently block any inaccurate information. 15 U.S.C. §1681s-2(b)(1). That investigation must be objectively reasonable. *Chiang v. Verizon*, 595 F. 3d 26, 37 (1st Cir. 2010); *see also Hinkle v. MCM*, 827 F.3d 1295 (11th Cir. 2016) (§1681s-2(b) requires some degree of careful inquiry by furnishers). Under Section 1681n, a consumer may seek punitive damages for a willful violation of the FCRA. The U.S. Supreme Court has held that "reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)." *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007).

Plaintiff alleges that ARS reported false and derogatory information to the credit reporting agencies in violation of the FDCPA. When Mr. Close disputed the false information to the credit reporting agencies, ARS failed to comply with these requirements of the FCRA to conduct a reasonable investigation. Plaintiff also alleges that ARS misrepresented the character, amount, or legal status of the alleged debt and communicated credit information which was known or should have been known to be false in violation of the FDCPA. See, 15 U.S.C. §1692e(8).

Further, by misrepresenting the amounts that Mr. Close owed and the status of this zero balance medical bill, ARS and Inphynet have violated the Massachusetts debt collection laws

which apply to both debt collectors and creditors. *See* M.G.L. c. 93, §49 and the Attorney General's debt collection regulations, 940 CMR 7:00. These violations of the regulations violate M.G.L. c. 93A. 940 CMR 3.16. In order to determine the measure of damages under c. 93A, it may be necessary to find whether the violations were willful or knowing.

Plaintiff served interrogatories and document requests on ARS and Inphynet on February 18, 2021. On March 19, 2021, Defendants served their responses and numerous objections. On June 16, 2021 the Court entered a Protective Order (Doc. 49). Despite repeated multiple requests by Plaintiff's counsel Defendants have not supplemented their insufficient responses or agreed to a discovery conference.

## II. Plaintiff Has Made Repeated Requests For Defendants To Attend a Discovery Conference But Defendant Will Not Participate

For the last eight weeks Plaintiff's counsel have been trying to convene a meet and confer pursuant to Local Rule 37.1 with Defendants' counsel without success.[1] Nor have Defendants supplemented their defective discovery responses in any way. Defendants remain steadfast in

---

[1] Plaintiff's counsel Elizabeth Miller sent an email on April 23, 2021 to Defendants' counsel John J. O'Connor asking for a meet and confer and proposing dates. She reiterated this request by email on April 26th and Plaintiff's counsel Justin Baxter also emailed Attorney O'Connor on April 26th requesting a meet and confer. Attorney O'Connor did not reply as to the proposed dates or propose other dates and did not make himself available for a conference but only asked for an email summarizing Plaintiff's disputes on April 28th. On May 4th Attorney Baxter emailed a detailed summary of Plaintiff's disputes and once again asked that Attorney O'Connor provide a date and time for a meet and confer call.

In the intervening month Attorney O'Connor has periodically emailed that he was working on supplemental discovery responses but none have been provided. He has never responded to the request for a discovery conference. On May 26th Attorney Baxter called Attorney O'Connor and left a voicemail followed up by yet another email seeking the supplemental discovery. Attorney O'Connor responded that he was still working on it. Attorney Baxter gave a deadline of June 10th to receive the supplements. Nothing was received. On June 16, 2021 the Court entered a Protective Order in this matter and Attorney Baxter wrote to defense counsel asking that they "produce all responsive documents and discovery responses that were withheld or objected to on that basis within seven days." Again nothing was received. See L.R. 37-1 certification below and Declaration of Justin M. Baxter.

their refusal to provide needed information only they possess. Plaintiff has noticed depositions of ARS and Inphynet's corporate representatives for July 14-15 and needs to have this additional discovery in order to prepare. Disputes remain as to following categories of information:

- Policies, procedures and training materials;
- Details regarding dispute investigations and communications;
- ARS' Annual Reports;
- Archived information reported to credit reporting agencies by ARS: and
- Documents withheld subject to a protective order.

The requested information is plainly relevant and responsive. Defendants' objections lack merit. Plaintiff now turns to the specific discovery requests and Defendants' objections thereto.

### III. Standard For Motion To Compel

FRCP 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The party asserting that a request is unduly burdensome bears the burden of establishing that it is in fact unduly burdensome. Fed. R. Civ. P. 34(b)(2)(B). A party "must do more than make unsubstantiated or conclusory statements that a discovery request is overly broad and burdensome," *State ex rel. Allstate Ins. Co. v. Gaughan*, 640 S.E.2d 176, 183 (W. Va. 2006), it must provide a factual basis that responding would be "unduly burdensome and disproportionate

to the benefits gained by Plaintiff in having that information." *Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53, 54 (D. Mass. 2007); *see also DL v. D.C.*, 251 F.R.D. 38 (D.D.C. 2008) (court "only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden'").

**IV.     Specific Requests And Objections At Issue**

Plaintiff seeks supplemental discovery in the following general categories. The relevant requests and responses follow each argument in full. Complete copies of the discovery requests are submitted herewith as exhibits to the Declaration of Justin M. Baxter.

   **A. Plaintiffs Have A Right To Discovery As To ARS' and Inphynet's Relevant Policies and Procedures**

As set forth below, six document requests and four interrogatories to Inphynet and four document requests and one interrogatory to ARS request information about relevant policies and procedures relating to various aspects of billing practices, credit reporting and investigation of disputes. Defendants have failed to give responsive answers to any of these. Plaintiff is entitled to these documents and responsive answers to the above interrogatories, *i.e.*, a description of the policies and procedures. These are central to the issues of our case and clearly relevant but both ARS and Inphynet have failed to produce them. Since we have a protective order in place Defendants cannot refuse to produce on those grounds.

Plaintiff is also entitled to discovery as to the meaning of Inphynet's own abbreviation "Closed & Return Factor/Service W Off" used in its billing statement sent to Mr. Close and requested in Inphynet Document Request No. 11 and Interrogatory No. 9. Inphynet objects to these requests as "unintelligible" but failed to supplement even after Attorney Baxter's clarification in his May 4th email that "[t]he notation "Closed & Return Factor/Service W Off"

6

and a zero-balance are included in the invoice provided by Inphynet to Mr. Close showing a $0 balance on his account. Plaintiff seeks documents, including policies and procedures, manuals or guides, which explain the basis for applying these notations to any account." Plaintiff is entitled to a responsive answer as to the meaning of this term and how and when it is used.

The relevant discovery requests and responses are set forth below:

INPHYNET REQUEST NO. 8: Documents setting forth Defendant's policies or procedures for investigating disputes.
RESPONSE: Objection. The Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

INPHYNET REQUEST NO. 9: Documents setting forth Defendant's policies or procedures for investigating paid accounts.
RESPONSE: Objection. The Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

INPHYNET REQUEST NO. 10: Documents setting forth Defendant's policies or procedures for settlement agreements.
RESPONSE: Objection. The Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

INPHYNET REQUEST NO. 11: Documents setting forth Defendant's policies or procedures on marking an account "Closed & Return Factor/Service W Off."
RESPONSE: Objection. This request is unintelligible.

INPHYNET REQUEST NO. 12: Documents setting forth Defendant's policies or procedures for accepting automatic payments.
RESPONSE: Objection. The Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

INPHYNET REQUEST NO. 13: Documents setting forth Defendant's policies or procedures on sending patients a bill stating zero dollars.
RESPONSE: Objection. This request is argumentative and unintelligible, and apparently seeks irrelevant information outside the scope of discovery as defined by Fed. R. Civ. P. 26.

INPHYNET INTERROGATORY NO. 2: Describe and identify your policy and procedures on issuing patient's statements that reflect a zero balance, even though you still claim money is owed.
RESPONSE: Objection. This interrogatory is argumentative, hypothetical, and assumes the truth of disputed facts. Without waiving this objection, Plaintiff's account does not have a zero balance.

INPHYNET INTERROGATORY NO. 6: Describe and identify your policy and procedures on accepting settlement offers from patients.
RESPONSE: Objection. This interrogatory is argumentative, hypothetical, and assumes the truth of disputed facts. Without waiving this objection, there was no settlement agreement with the Plaintiff.

INPHYNET INTERROGATORY NO. 7: Identify and describe your policy and procedures for accepting automatic payments on an account.
RESPONSE: Objection. This interrogatory is argumentative, hypothetical, and assumes the truth of disputed facts. Without waiving this objection, automatic payments are arranged in appropriate circumstances.

INPHYNET INTERROGATORY NO. 9: Identify and describe your policy and procedures on medical coding on patient's statements, including the term "Close & Return Factor/Service W Off."
RESPONSE: Objection. This interrogatory is unintelligible.

ARS REQUEST NO. 8: Documents setting forth Defendant's policies or procedures for investigating disputes.
RESPONSE: Objection. The Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

ARS REQUEST NO. 11: Documents setting forth Defendant's policies or procedures for collection of debts.
RESPONSE: Objection. This request is overbroad. Without waiving the objection, the Defendant will produce discoverable, responsive materials, if any, subject to an acceptable confidentiality agreement/protective order.

ARS REQUEST NO. 12: Documents used for training employees regarding the collection of debts.
RESPONSE: Objection. The Defendant objects to the extent the request is overbroad and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26.

ARS REQUEST NO. 13: Documents used for training employees regarding compliance with state or federal laws pertaining to the collection of debts.
RESPONSE: Objection. The Defendant objects to the extent the request is overbroad and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26.

ARS INTERROGATORY NO. 6: Describe and explain any and all procedures, policies, rules and/or guidelines used by you in reinvestigating, verifying, correcting, updating, modifying and/or deleting any information concerning Plaintiff for which you received notice that the information was or may have been inaccurate, incomplete, disputed or the result of fraud or identity theft. In answering, explain any differences in your actions in

relation to each type of dispute received, and state the time periods such (various) procedures, policies, rules and/or guidelines have been (or were) in effect.
RESPONSE:  Objection.  This interrogatory is prolix and unintelligible.  Without waiving this objection, ARS reviews account disputes and investigates and reports in compliance with all applicable requirements.

**B. Plaintiff Is Entitled to Complete and Detailed Responses Regarding Disputes and Communications**

Plaintiff has requested information about disputes and Defendants' response to such disputes and Defendants have given only vague and cursory responses. This is relevant information within Defendants' exclusive possession, custody and control.  The core FCRA inquiry is whether the furnisher conducted a reasonable investigation of disputes.  The details of any such dispute and investigation are clearly discoverable.  Similarly, the c. 93A claim involves determinations of whether conduct was unfair and/or deceptive and willful or knowing.  Again the details of Defendants' actions are key to any such analysis.  Plaintiff requests that Defendants be ordered to describe the disputes in detail including date, employees involved in handling the disputes and the information provided and reviewed.

Similarly, Plaintiff has asked for detailed descriptions of and documents related to communications between ARS and Inphynet and communications with third parties such as credit reporting agencies and despite the fact that it is undisputed that ARS repeatedly reported Mr. Close's account to credit bureaus and verified numerous disputes ARS denies having any such documents.  In its interrogatory responses Inphynet simply says it "provided account information to ARS."  The response appears to be incomplete at best, in light of ARS' response to Interrogatory No. 2 stating that Inphynet "confirmed that the Plaintiff owed an unpaid balance on its invoice.  Plaintiff requests that Defendants provide the dates and nature of each communication between ARS and Inphynet or third parties relating to collection or

reporting of the account. To the extent documents are being withheld as privileged no privilege log has been provided.

The relevant discovery requests and responses are set forth below:

INPHYNET REQUEST NO. 5: All records of communication between defendant and ARS or any other third party regarding the debt or account at issue in this case.
RESPONSE: Objection. The Defendant objects to this request to the extent that it seeks confidential, privileged, or irrelevant information, or information outside the scope of discovery as defined by Fed. R. Civ. P. 26. Without waiving this objection, the Defendant has no such correspondence.

INPHYNET INTERROGATORY NO. 1: Identify and describe all your collection efforts on this alleged debt and how you handled Plaintiff's disputes. Including all correspondence sent to and from Plaintiff, the identity of each employee who worked on Plaintiff's dispute, and all information provided and reviewed in connection with the dispute.
RESPONSE: Objection. This interrogatory is overbroad and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26. Without waiving this objection, ARS responded to all disputes by confirming that the debt at issue remained outstanding.

INPHYNET INTERROGATORY NO. 10: Identify and describe all communications with Defendant ARS related to the collection of this alleged debt and/or reporting of the account to any credit reporting agency.
RESPONSE: We provided account information to ARS.

ARS REQUEST NO. 5: All records of communication between defendant and Inphynet South Broward, any credit reporting agency or any other third party regarding the debt or account at issue in this case.

RESPONSE: Objection. The Defendant objects to this request to the extent that it seeks privileged, or irrelevant information, or information outside the scope of discovery as defined by Fed. R. Civ. P. 26. Without waiving this objection, the Defendant has no such correspondence.

ARS INTERROGATORY NO. 1: Describe all disputes as to the completeness or accuracy of any item of information related to Plaintiff that you received from any consumer reporting agency, including the date you received the dispute, the identity of each employee who worked on the dispute, the contents of the dispute and all information provided by Plaintiff with the dispute.
RESPONSE: Objection. This interrogatory is overbroad and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26. Without waiving this objection, ARS responded to all disputes by confirming that the debt at issue remained outstanding.

ARS INTERROGATORY NO. 2: Describe your reinvestigation of all disputes discussed in response to Interrogatory No. 1, by identifying the creditor or other person you contacted about the dispute, the dates of such contact, the full content of the information you provided to the creditor or other person, the responses from the creditor or other person you contacted, the date the response was received, the full content of the response (or if no response was received), all actions taken by you as a result of the reinvestigation, the date the action was taken, and any notice provided to Plaintiff or other persons of the action, along with the date of such notice.
RESPONSE: The creditor Inphynet confirmed that the Plaintiff owed an unpaid balance on its invoice.

ARS INTERROGATORY NO. 4:
Describe all action taken by you as a result of each communication discussed in response to Interrogatory No. 3, including the date the action was taken, and any notice provided to Plaintiff or other person of the action, along with the date of such notice.
RESPONSE: See the documents produced by the Defendant and Answer No. 1.

**C. Plaintiffs Are Entitled to Information As To ARS' Net Worth**

Plaintiff alleges that ARS willfully failed to comply with its obligations under the FCRA, and seeks punitive damages. *See* 15 U.S.C. § 1681n. Because the purpose of punitive damages is to punish unlawful conduct and deter future bad conduct, the defendant's financial condition is relevant to setting the amount of the punitive damages. *City of Newport v. Facts Concerts. Inc.*, 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) ("[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded.")

The relevant discovery request and response is set forth below:

ARS REQUEST NO. 19: Defendant's Annual Reports for the five years preceding the year of trial.
RESPONSE: Objection. The Defendant objects to the extent the request is overbroad and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26.

**D. Plaintiffs Are Entitled to Information As To ARS' Archived Credit Reporting (Metro 2) Data**

Credit reporting is at the crux of Mr. Close's claims against ARS yet ARS has objected to

providing its historical credit reporting data. This is relevant information within defendant's possession, custody and control. Furnishers like ARS typically retain an archive of the information reported to the credit reporting agencies or access to such an archive.

The relevant discovery request and response is set forth below:

ARS REQUEST NO. 20: Archived Metro 2 data relating to Plaintiff, or any account(s) associated with Plaintiff, or any account that appeared on Plaintiff's credit report.
RESPONSE: Objection. The Defendant objects to the extent the request is overbroad and unduly burdensome and seeks irrelevant information and information outside the scope of discovery as defined by Fed. R. Civ. P. 26.

## CONCLUSION

For all of the foregoing reasons, ARS and Inphynet should be compelled to provide responses to the specified requests.

Dated this 1st day of July, 2021

/s/ Justin M. Baxter
JUSTIN M. BAXTER, admitted pro hac vice
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

Matthew P. Cook, admitted pro hac vice
Cook Law, LLC
2885 Sanford Ave SW #42270
Grandville, MI 49418
Phone: 314-200-5536
Email: Cookmp21@yahoo.com

Elizabeth A. Miller, BBO #559347
176 Federal Street, 5th Floor
Boston, MA 02110
Phone: 617-478-4914
Email: elizabethamiller@comcast.net

*Attorneys for Plaintiff*

## LOCAL RULE 37.1(B)(2) CERTIFICATE

I, Elizabeth Miller, hereby certify pursuant to Local Rule 37.1(b)(2) the following:

As of the date of this motion, Defendants have not provided amended or supplemental discovery responses or documents, or responded to multiple entreaties by Plaintiff's counsel. I sent an email on April 23, 2021 to Defendants' counsel John J. O'Connor asking for a meet and confer and proposing dates. I reiterated this request by email on April 26th and Plaintiff's counsel Justin Baxter also emailed Attorney O'Connor on April 26th requesting a meet and confer. Attorney O'Connor did not reply as to the proposed dates or propose other dates and did not make himself available for a conference. His only response was an April 28th email asking that we email him summarizing Plaintiff's disputes.

On May 4th Attorney Baxter emailed a detailed summary of Plaintiff's disputes and once again asked that Attorney O'Connor provide a date and time for a meet and confer call. In the intervening month Attorney O'Connor has periodically emailed that he was working on supplemental discovery responses but none have been provided. He has never responded to the request for a discovery conference and has never indicated what additional discovery he is willing to provide. On May 26th Attorney Baxter called Attorney O'Connor and left a voicemail followed up by yet another email seeking the supplemental discovery. Attorney O'Connor responded that he was still working on it. Attorney Baxter gave a deadline of June 10th to receive the supplements. Nothing was received by that day.

On June 16, 2021 the Court entered a Protective Order in this matter and Attorney Baxter wrote to defense counsel asking that they "produce all responsive documents and discovery responses that were withheld or objected to on that basis within seven days." Again nothing was received.

/s/Elizabeth A. Miller
Elizabeth A. Miller

CERTIFICATE OF SERVICE

       I, Elizabeth A. Miller, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants by first class mail, postage prepaid, on July 1, 2021.

                                            /s/Elizabeth A. Miller
                                            Elizabeth A. Miller