UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZACHARY CLOSE,<br><br>        Plaintiff,<br><br>v.<br><br>ARS aka ACCOUNT RESOLUTION SERVICES aka HRRG, LLC aka HEALTHCARE REVENUE RECOVERY GROUP, LLC, INPHYNET SOUTH BROWARD, LLC, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:20-cv-11871 |

**RESPONSE OF DEFENDANTS ARS aka HRRG, LLC AND INPHYNET SOUTH BROWARD, LLC TO PLAINTIFF'S STATUS REPORT REGARDING PLAINTIFF'S MOTION TO COMPEL**

INTRODUCTION

In response to the Court's Order, the Plaintiff filed a status report regarding his motion to compel certain discovery responses by ARS/Inphynet. The Plaintiff admits that (as ARS/Inphynet had previously reported to the Court) the Plaintiff's motion to compel is largely moot, but he purports to assert that the motion remains viable and pending as to a few requests. The Plaintiff is wrong, as ARS/Inphynet explain below.

PERTINENT BACKGROUND AND ARGUMENT

I.    RELEVANT CONTEXT

In considering the Plaintiff's motion to compel, familiarity with the essential backdrop to the motion will be helpful to the Court. The relevant context is as follows. Following some

medical care with the providers at Inphynet, a healthcare group, the Plaintiff incurred a bill of about $1,500. He paid it all except for about $450. ARS wrote to the Plaintiff, tried to collect the balance, and later reported the unpaid debt to credit-reporting agencies ("CRA's"). The Plaintiff called ARS multiple times to discuss the account. The recordings of the calls document that, each time, the Plaintiff was told that the debt remained outstanding. During the calls, the Plaintiff never claimed that the debt was paid in full or was forgiven. Rather, he inquired about repayment options, and whether ARS would accept less than the full unpaid balance.

The Plaintiff asserts in this suit that the credit reporting by ARS on the debt is inaccurate. He says that he received an EOB-type document that purports to show a zero balance. Plaintiff's counsel has also represented that someone in a telephone conversation told the Plaintiff's father (not the Plaintiff himself) that the $450 balance was forgiven. There is no documentation of this alleged agreement. ARS has always maintained that (just as it told the Plaintiff on the telephone and in correspondence, and just as it reported to CRA's) the $450 remains outstanding.

Based on these essential facts and dispute, the core fact question bearing on liability here is whether there was an enforceable forgiveness agreement as to the $450 balance as the Plaintiff alleges. Resolution of that narrow question will be dispositive of the issue of liability. If the debt in fact remains due, the subject credit reporting is correct and not violative. The circumstances of this narrow question provide the relevant context in which the Plaintiff's continuing complaints about discovery must be considered.

II.   THE PLAINTIFF'S CONTINUING REQUESTS ARE MOOT, AND APPARENTLY INTENDED TO HARRASS AND INCREASE COSTS.

The Plaintiffs discovery requests are all moot, because ARS and Inphynet have in fact produced <u>everything</u> they have that is responsive to the Plaintiff's requests, including the full electronic history of the Plaintiff's account, the full record of the Plaintiff's medical care by

Inphynet, all available invoices/EOB's relating to the Plaintiff's care, all correspondence to the Plaintiff, all correspondence from the Plaintiff, all Metro 2/communications data between ARS and the CRA's relating to the Plaintiff, the call transcripts of all telephone conversations with the Plaintiff, policy and procedure materials regarding general debt-collection standards and also guidelines relating to account disputes and communications, annual reports/net worth information for ARS, all information produced to ARS by witness Discover Card, all information produced by witness Dube Hyundai, and all information produced by witness Red Tree Realty.  (In addition to these materials, the Plaintiff also received separate productions from the CRA defendants of their complete files.)

      This voluminous information constitutes the complete universe of pertinent, discoverable material.  More to the point, it goes well beyond the circumstances relevant to the narrow fact dispute described above that is really the decisive liability issue in the suit.  Where ARS/Inphynet have not produced additional materials, it is because they do not have them.  The Plaintiff's ongoing efforts to claim some further discovery deficiency are baseless, and an effort to harass and run up costs and the fee claim of Plaintiff's counsel.

      Regarding the specific points in the Plaintiff's status report, note the following (in the order in which they appear in the Plaintiff's report):

- <u>Inphynet Interrogatory Number 2</u> is plainly argumentative and, frankly, juvenile. It assumes the existence of a zero balance, which is of course a core disputed fact that ARS says is unsupported by evidence.  In any event, Inphynet's supplemental response clarified that no such policy exists.  That is the end of the issue.

- <u>Inphynet Interrogatory Number 6</u> asks about a purported settlement agreement with the Plaintiff.  This question is also argumentative, hypothetical, and

irrelevant, because there was no such agreement, and the Plaintiff never made any such offer to ARS.  Bear in mind that all of the Plaintiff's calls with ARS were recorded.  It is a <u>documented</u> <u>fact</u> that he made no settlement offers to ARS at any time.  This issue is a MacGuffin; it is a straw man that has nothing to do with any issue in this suit or proper discovery.

- <u>Inphynet Document Request Number 5</u> seeks communications related to the Plaintiff's debt.  Inphynet is a group of medical providers.  It is not a debt collector.  It did not try to collect from the Plaintiff.  It has produced all of the limited information it has regarding the Plaintiff, and has so informed the Plaintiff that it has no records beyond those previously produced.

- <u>Inphynet Interrogatory Number 1</u> erroneously assumes that Inphynet is a debt collector.  It is not, and it engaged in no collection efforts, as it has so informed the Plaintiff.

- <u>Inphynet Interrogatory Number 10</u> is duplicative of Document Request 5.  As noted above, Inphynet has provided all responsive information that is possesses.

- <u>ARS Document Request Number 5</u> seeks purported communications that ARS has reported that it <u>does not have</u>, beyond what has been produced.

- <u>ARS Interrogatory Number 1</u> asks how ARS responded to any notice from CRA defendants that the Plaintiff was disputing his liability for the balance of the Inphynet bill.  ARS has explained repeatedly that it confirmed that the bill remained unpaid (just as it consistently advised the Plaintiff in writing and on the telephone).

- ARS Interrogatory Number 2 asks ARS about its investigation of the Plaintiff's dispute. ARS answered fully by referring to the multiple responsive documents it produced (including correspondence and telephone conversations with the Plaintiff about the debt) and by stating that its investigation confirmed that the debt was unpaid, and that there was no evidence of a forgiveness agreement.

- ARS Interrogatory Number 4 is essentially duplicative of other interrogatories and document requests to ARS in its focus on the Plaintiff's dispute of his debt. ARS answered it in full in its Answers 1 and 2, and through its relevant document production.

In sum, as ARS/Inphynet previously reported to the Court, the Plaintiff's motion to compel is moot. They have produced all discoverable information they have. There is no live issue for the Court.

## CONCLUSION

For the above reasons and the reasons given by ARS/Inphynet in their opposition, the Plaintiff's motion to compel is meritless and should be denied.

    ARS aka Account Resolution Services aka
    HRRG, LLC aka Healthcare Revenue
    Recovery Group, LLC
    By its attorneys,

    /s/ John J. O'Connor
    John J. O'Connor
    BBO #555251
    Christina T.E. Staffiere
    BBO #699041
    Peabody & Arnold LLP
    600 Atlantic Avenue
    Boston, MA  02210-2261
    Tel. (617) 951-2100
    joconnor@peabodyarnold.com

Dated:  August 4, 2021    cstaffiere@peabodyarnold.com

## CERTIFICATE OF SERVICE

I, John J. O'Connor, hereby certify that on this 4th day of August, 2021, I served the attached by causing a copy thereof to be served via ECF on all counsel.

/s/ John J. O'Connor
John J. O'Connor

1952627_1
16583-206770