UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZACHARY CLOSE,<br><br>Plaintiff,<br><br>v.<br><br>ACCOUNT RESOLUTION SERVICES, et al.,<br><br>Defendants. | Civil Action No. 20-11871-MLW |

ORDER ON PLAINTIFF'S MOTION TO COMPEL[1]
[Docket No. 50]

August 19, 2021

Boal, M.J.

Plaintiff Zachary Close has moved to compel defendants Account Resolution Services ("ARS") and Inphynet South Broward, LLC ("ISB") to further respond to certain discovery requests. After careful review of the parties' submissions, as well as consideration of the arguments made at the August 18, 2021 hearing, I rule as follows.

***Communications Between ARS and ISB Regarding The Alleged Debt***. Close seeks all records of communications between ISB and ARS or any other third party or between ARS and the credit reporting agencies regarding Close's alleged debt or account. See ISB RFP No. 5; ARS RPF No. 5; ISB Int. No. 10.[2] ISB and ARS claim to have no such communications. It

[1] On January 4, 2021, Judge Wolf referred the case to the undersigned for full pretrial management. Docket No. 19.

[2] For ease of reference, this Court refers to ISB's responses to Close's requests for production of documents as "ISB RFP;" to ARS's responses to Close's requests for production of documents

seems unlikely, however, that ISB and ARS would have no such communications at all. For example, one would expect at least some initial communication whereby ISB requested that ARS collect on the alleged debt.

At oral argument, counsel for ARS and ISB reiterated that no such communications existed. However, in response to my questioning, he also stated that both companies had access to the electronic records of the debts and that ISB "placed" the debt with ARS "electronically in some fashion." Therefore, one would expect there to be at least an electronic record of the placement. Accordingly, I order ISB and ARS to again search for responsive communications. If, after a further search, no such communications are found, ARS and ISB shall provide a sworn certification, signed by counsel and an appropriate client representative, that they in fact have not found any such communications after a diligent search. Any responsive communications or the certification shall be produced within two weeks.

***Policies Regarding Settlement***. Close has asked ISB to "describe and identify your policy and procedures on accepting settlement offers from patients." ISB Int. No. 6. ISB objected to this interrogatory and stated that "there was no settlement agreement with the plaintiff."[3] See id. That answer is non-responsive. At oral argument, counsel for ISB represented that no such policy or procedures exist. Within one week, ISB shall serve a supplemental answer to Int. No. 6 to that effect.

***Non-Responsive Answers***. ARS's answers to Interrogatory Nos. 1, 2, and 4 are non-responsive. To the extent that ARS refers to documents in those answers, it is insufficient to

---

as "ARS RFP;" to ISB's answers to Close's interrogatories as "ISB Int.;" and to ARS's answers to Close's interrogatories as "ARS Int."

[3] To the extent that ISB is arguing that the interrogatory seeks irrelevant information because there was no settlement, I note that whether or not a settlement existed is a disputed fact.

refer to ARS's entire document production. Accordingly, within two weeks, ARS shall provide supplemental answers to Interrogatory Nos. 1, 2, and 4.

***Privilege Log***. To the extent that ARS or ISB are withholding any documents based on privilege, they shall provide a privilege log within one week.

Close's motion to compel is otherwise denied.

**So Ordered**.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE